**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

───────────────────────────────

**UNITED STATES OF AMERICA,**

                                    **Plaintiff,**                          **05-CR-59A(Sr)**

**v.**

**CYRUS Q. BENNING,**

                                    **Defendant.**

───────────────────────────────

## DECISION AND ORDER

          This case was referred to the undersigned by the Hon. Richard J. Arcara,

in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

upon dispositive motions.  Dkt. #14.

## PRELIMINARY STATEMENT

          The defendant, Cyrus Q. Benning ("the defendant"), is charged in four

counts of a five-count Indictment with being a felon in possession of ammunition,

namely one hundred ninety-four (194) CCI Mini Mag .22 Caliber long rifle cartridges and

ten (10) 16 gauge Remington rifled slugs, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2) (Count 2).  Dkt. #13.  The indictment also charges the defendant, along with

two co-defendants, Welton L. Miles and Christopher J. Thomas, with conspiracy to

possess cocaine base with intent to distribute, in violation of Title 21 U.S.C.

§ § 841(a)(1) and 841 (b)(1)(A) and Title 21 U.S.C. § 846 (Count 3); possession with

intent to distribute cocaine base, in violation of Title 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(B) and Title 18 U.S.C. § 2 (Count 4); and possession of cocaine base in violation of Title 21 U.S.C. § 844(a) and Title 18 U.S.C. § 2 (Count 5).   Dkt. #13.

The defendant has filed an omnibus motion seeking: (1) a bill of particulars; (2) disclosure pursuant to Fed. R. Crim. P. 12 & 16; (3) an order compelling production of *Brady* and *Jencks* material.  Dkt. #19.  Each of these requests will be separately addressed herein; the defendant's motion for suppression of the evidence obtained from the female passenger in the Lincoln Navigator automobile will be addressed in a separate Report, Recommendation and Order.  Dkt. #19

## DISCUSSION AND ANALYSIS

Bill of Particulars

With respect to Count Two of the Indictment, the defendant seeks a bill of particulars specifying the place where defendant is said to have possessed the quantity of ammunition and whether the government intends to prove that he actually or constructively possessed the ammunition.   Dkt. #19, p.4.  With respect to Count Three of the Indictment, the defendant seeks a bill of particulars specifying the earliest possible date that the conspiracy commenced; the latest date that the conspiracy terminated; the date he joined the conspiracy; and his conduct in furtherance of the conspiracy.  Dkt. #19, p.4.  With respect to Count 4 of the Indictment, the defendant seeks a bill of particulars specifying the location where the defendants possessed the cocaine base and whether his possession was actual or constructive.  Dkt. #19, p.4.

The government responds that the Indictment is sufficient and that the demand for a Bill of Particulars is unwarranted given the volume of discovery provided in this case.  Dkt. #22, ¶ 18.

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied,* 415 U.S. 985 (1974); *Wong Tai v. United States,* 273 U.S. 77 (1927).  The charges in the Indictment and the affidavit in support of the Criminal Complaint, along with the search warrant, application and return; laboratory report; defendant Benning's statement to the Yorkshire Court; the redacted statement provided to Detective Dlugosz of the Lackawanna Police Department on December 9, 2004; and the redacted statement provided to Senior Investigator Mackney on December 10, 2004, among other discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crime charged.  As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola,* 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd,* 875 F.2d 857 (2d Cir.) (mem.), *cert. denied,* ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli,* 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza,* 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin,* 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky,* 820 F.2d at 574.  "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States,* 392 F.2d 45, 49 (8th Cir.), *cert. denied,* 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres,* 901 F.2d 205, 234 (2d Cir. 1990).

<u>Fed. R. Crim. P. 12 and 16</u>

_____The defendant moves to compel disclosure of any items or information to which he is entitled pursuant to Fed. R. Crim. P. 12(d)[1] and 16(a)(1)(A)-(D).  Dkt. #19, ¶ 12.

Without conceding that the information specifically requested is within the purview of Rule 16, the government responds that it has provided "all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes that discovery is thereby complete."  Dkt. #22, ¶ 5.  The government states that "[a]ll written and recorded statements of defendants have been provided or will be provided, as well as the substance of any oral statements made by the defendant before and after arrest in response to interrogation by any person known to the defendant to be a Government agent."  Dkt. #22, ¶ 5.  The government also states that the "results and reports of physical and mental examinations and of scientific tests and experiments made in connection with the case have been made available to the defendants" and promises that "[i]f any further reports are forthcoming, they will be provided upon receipt by the government."  Dkt. #22, ¶ 6.  The government also states that it will comply with defendant's "request for expert testimony pursuant to Rule 16(a)(1)(G) of witnesses who will testify under Rules 702, 703 and 705 F.R.E."  Dkt. #22, ¶ 6.  The government states that it has made available all tangible objects

---

[1] The defendant erroneously cites Fed. R. Crim. P. 12(d) as the basis for his discovery request. The present provisions of Rule 12(d) are not applicable in that the Rule was amended December 1, 2002 by moving the prior 12(d) provisions to the present Rule 12(b)(4)(B).

obtained from the defendants and advises the defendant, in accordance with Rule 12(b)(4)(B), that such evidence will be used by the government against the defendant at trial.  Dkt. #22, ¶ 7.  Finally, the government agrees to provide defendant with his arrest record.  Dkt. #22, ¶ 8.

As a result of these representations by counsel for the government, the defendant's request for Rule 12 (b)(4)(B) and 16(a)(1) materials is DENIED on the basis that it is moot.

_Brady/Jencks_ Material

The defendant seeks immediate disclosure of all exculpatory and/or impeaching material and disclosure of _Jencks_ material, in accordance with 18 U.S.C. § 3500, at least 30 days in advance of trial.  Dkt. #19, ¶¶ 13 & 14.

The government responds that it is not in possession of any exculpatory or impeachment material within the definition of _Brady_ but acknowledges its ongoing obligation.  Dkt. #22, ¶ 15.  The government agrees to provide information regarding criminal histories and favorable treatment or inducements offered to its witnesses no later than one week prior to the commencement of trial, at which time it will also produce material in accordance with _Jencks_.  Dkt. #22, ¶¶ 8, 9 & 16-17.  As a result of these representations, the defendant's request for such materials is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals'

holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001), by making timely

disclosure of those materials to the defendant.


"[A]s a general rule, *Brady* and its progeny do not require immediate

disclosure of all exculpatory and impeachment material upon request by a defendant."

*Id*. at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the

defense "in time for its effective use."  *Id*. at 144.  With respect to impeachment material

that does not rise to the level of being *Brady* material, such as *Jencks* statements, the

prosecution is not required to disclose and turn over such statements until after the

witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2

Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the

government has adopted a policy of turning such materials over to the defendant prior

to trial, the government shall comply with that policy; or in the alternative, produce such

materials in accordance with the scheduling order issued by the trial judge.


Leave to Join in the Motions of Co-Defendants

Defendant Benning seeks to join in the motions of his co-defendants to

the extent that they seek additional relief which may also be applicable to him.  Dkt.

#19, ¶ 15.  This request is GRANTED with the further directive and finding that the

Decision and Order of this Court as to each of the co-defendant's requests contained in

the omnibus motions in which this defendant joins, shall also be deemed to be the

Decision and Order of this Court as to the defendant herein.

<u>Government's Reciprocal Rule 16(b) Request</u>

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use.   Dkt. #22, ¶ 34.  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.


## **CONCLUSION**

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:


This Decision and Order be filed with the Clerk of the Court.


**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.


The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

/s/ H. Kenneth Schroeder, Jr.

_____
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

**DATED:**      **Buffalo, New York**
             **February  9, 2006**